985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Javier SUAREZ, Jose Garcia, Constantino Gamez, and Pedro
Gamez, Plaintiffs-Appellants,
v.
George HUNTER, Ruben Vela, Renee Battles, Anthony Cooley,
Charles Hutchens, and Brad Simpson, Defendants-Appellees.
 No. 91-35667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Jan. 29, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-90-394-RE, James A. Redden, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Javier Suarez, Jose Garcia, Constantino Gamez, and Pedro Gamez appeal the dismissal of their 42 U.S.C. § 1985(3) claims against defendants, employees of the United States Immigration and Naturalization Service ("INS"). After a bench trial, the district court dismissed plaintiffs' claims because plaintiffs failed both to establish the existence of a conspiracy, and to show with some degree of particularity the named defendants participated in the alleged improper automobile stops. We affirm.
 
 
 3
 * Existence of the Conspiracy
 
 
 4
 Plaintiffs argue the district court erred in concluding the evidence presented failed to establish the existence of a conspiracy among defendants to violate plaintiffs' civil rights under 42 U.S.C. § 1985(3) (1988).
 
 
 5
 To succeed on a § 1985(3) claim, plaintiff must show (1) a conspiracy among defendants, (2) to deprive a person or a class of persons of equal protection of the laws, or of equal immunities under the laws, (3) through an act done by one of the conspirators in furtherance of the conspiracy, which (4) results in personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States. Hewitt v. Grabicki, 596 F.Supp. 297, 304 (E.D.Wash1984) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)), aff'd, 794 F.2d 1373 (9th Cir.1986). The plaintiffs also must show the defendants were the proximate or legal cause, and not merely the cause in fact, of their injuries. Arnold v. International Business Machines, 637 F.2d 1350, 1355 (9th Cir.1981). Finally, the plaintiff must show that the alleged conspiracy was motivated by some racial or class-based, invidiously discriminatory animus. Griffin, 403 U.S. at 102-04.
 
 
 6
 "A civil conspiracy occurs when the parties have reached 'a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.' " Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1020 (9th Cir.1985) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)), cert. denied, 474 U.S. 1059 (1986). "A conspiracy must be looked at as a whole, and acts which are in themselves legal lose that character when they become constituent elements of an unlawful scheme." Id. "Since it is often difficult to show direct evidence of a combination or conspiracy, concerted action may be inferred from circumstantial evidence of the defendant's conduct and course of dealings." Dimidowich v. Bell & Howell, 803 F.2d 1473, 1479 (9th Cir.1986), reh'g denied and modified on other grounds, 810 F.2d 1517 (9th Cir.1987).
 
 
 7
 Plaintiffs allege the evidence in the record is sufficient to infer the existence of a conspiracy among the defendants to violate the plaintiffs' civil rights. The record clearly indicates the defendants were working in the relevant locations at the time of the alleged improper automobile stops. The ability and opportunity to conspire alone, however, is insufficient to prove the existence of a conspiracy. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1547 (9th Cir.) (en banc), cert. denied, 493 U.S. 809 (1989).
 
 
 8
 The ability and opportunity to conspire is circumstantial evidence which should be considered along with other evidence from which an inference of a conspiracy may arise. The record indicates that on the day in question (1) the defendants were in radio contact with each other; (2) the defendants selected Hank's parking lot for their operation; (3) a detention van did accompany the defendants to Hank's parking lot; and (4) the defendants did question and arrest several people during their operation at Hank's. However, the record also indicates the detention van accompanied the defendants not in anticipation of the arrests at Hank's, but because they expected to make arrests at their first stop, D.M.H., Inc. Also, the questioning of suspected aliens and the arrests made in Hank's parking lot were pursuant to legal contacts between the INS employees and suspected aliens in public places. See 8 U.S.C. § 1357(a)(1) (1988); I.N.S. v. Delgado, 466 U.S. 210, 217 n. 5 (1984).
 
 
 9
 The circumstantial evidence presented in this case simply does not support plaintiffs' contention that defendants were part of a conspiracy to deprive plaintiffs of their civil rights. The record fails to show the defendants' lawful efforts on that afternoon constituted elements in an unlawful scheme to detain suspected aliens based upon their Hispanic race. Under the circumstances, the district court did not err in not finding the existence of an actionable conspiracy.
 
 II
 
 10
 Participation in Alleged Improper Automobile Stops
 
 
 11
 The plaintiffs also argue the district court erred when it determined the evidence presented was insufficient to establish with some degree of particularity the named defendants' participation in the alleged improper automobile stops.
 
 
 12
 "Once existence of a conspiracy has been established, evidence of only a slight connection to the conspiracy is necessary in order to convict any one defendant of knowing participation in it." United States v. Berberian, 851 F.2d 236, 238 (9th Cir.1988) (citations omitted), cert. denied, 489 U.S. 1096 (1989). "Proof of a particular defendant's connection to the conspiracy can be established by circumstantial evidence." Id. "Of course, the 'slight' evidence must be of the quality which will reasonably support a conclusion that the particular defendant in question wilfully participated in the unlawful plan with the intent to further some object or purpose of the conspiracy. A common purpose and plan need not be proved by direct evidence but may be inferred from a 'development and collocation of circumstances.' " United States v. Freie, 545 F.2d 1217, 1222 (9th Cir.1976) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)), cert. denied, 430 U.S. 966 (1977).
 
 
 13
 Here the evidence in the record shows (1) the defendants were the only INS employees working in the relevant locations at the time in question; (2) plaintiff Garcia identified a 1986-89 model, cream-colored Thunderbird as the car driven by the INS agents when they allegedly stopped Garcia and Suarez at the stoplight, a description which fit closely the tan Thunderbird driven by defendant Hunter that day; (3) up to four different defendants were involved on the improper stops; and (4) plaintiffs testified some or all of the INS employees were armed with pistols, dressed in plain clothes, and spoke Spanish, descriptions which generally fit the defendants.
 
 
 14
 On the other hand, the record shows the four plaintiffs could identify neither defendant Hunter, nor any one of the other five defendants as a participant in the automobile stops. Also, there is credible testimony from the defendants in which they deny conducting any automobile stops that day.
 
 
 15
 Given the evidence found in the record, the plaintiffs failed to show a particular defendant's participation in the alleged improper stops. The circumstantial evidence in this case is insufficient to infer which of the six defendants wilfully participated in the unlawful plan to stop plaintiffs' automobiles. The district court was correct in its assessment of plaintiffs' failure to meet their burden of proof.[1]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Plaintiffs also seek attorneys' fees under 42 U.S.C. § 1988 if their appeal is successful. In light of the conclusion reached by this court, plaintiffs are not entitled to an award of attorneys' fees and must, instead, bear their own costs